L. L. ZOWELL *v.* L. C. GRAVES ET AL.

Pleadings—Amendment Changing Issue After Proof Taken.

> After issue thereon has been furnished and the facts stated disproved, to permit amended pleadings after a lapse of four years would be a practice wholly incompatible with the administration of justice and a due regard for the rights of the parties.

APPEAL FROM BOONE CIRCUIT COURT.

April 26, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

We make the following suggestion in addition to the facts set out in the opinion of the judge who adjudicated this case.

1. There is no written contract between Willis Graves, appellee's ancestor, and Zowell set up by Huey's heirs in their answer to the cross petition but only a *"valid contract"* which is not equivalent to setting up a written one, especially as Zowell, under whom they claim, says in his pleading the contract was by parol.

2. Rouse having filed his answer in 1861, to the pleading of his vendees and assignees of Zowell's bond, which he held for 130 acres of this land, and in which they charged that he represented that Graves and Buckner and wife, to whom the title had descended from Willis Graves, would make the title, and which he conceded was true should not be permitted four years thereafter to change the issue especially as Buckner's deposition had been taken in the mean time disproving that Thomas C. Graves had ever agreed to make the title and that he had only done so on condition that the purchase price promised by Zowell should be paid and Buckner also having died.

Rouse knew whether he had so represented or not when he swore to the answer and if he permitted erroneous statements to go into it, it was his own negligence and folly.

However innocent such mistakes may be after issues thereon have been formed and then the facts stated disproved, to pemit amended pleadings after such lapse of time under such circum-

stances would be a practice wholly incompatible with the administration of justice and a due regard for the rights of the parties. It would be far better that the person committing such errors under such circumstances should suffer them a policy so detrimental to the administration of justice and the rights of litigants should be introduced.

Approving the judgment as we do it is *affirmed*.

*Stevenson & Meyers, Carlisle & O'Hara, for appellant.*

*Craddock, Pryor & Chambers, for appellee.*